# Patrick Kneeland, Plff. in Err., *v.* City of Pittsburgh.

The act of June 10, 1881, prohibiting the peddling, selling, and hawking of produce or merchandise in cities of the second and third class without

Cited in State v. Harrington, 68 Vt. 622, 34 L. R. A. 102, 35 Atl. 515.

NOTE.—It is a proper exercise of the police power to classify hawkers and peddlers according to the amount of business transacted. New Castle v. Cutler, 15 Pa. Super. Ct. 612. And peddlers of different kinds of goods may be classified, and required to pay different rates. Mechanicsburg v. Koons, 18 Pa. Super. Ct. 131; Danville v. Weaver, 4 Pa. Dist. R. 768, 17 Pa. Co. Ct. 17, 13 Lanc. L. Rev. 85, 245, 2 Lack. Legal News, 196.

See also the following editorial notes presenting the authorities as to the validity of licenses of hawkers and peddlers: State v. Richards, 3 L.

a license, is not a taxation of a particular class of occupations, but is a police regulation, and hence is not in conflict with article 9 of the Constitution, which provides that all taxation shall be uniform upon the same class.

An ordinance passed in accordance with the provisions of this act, imposing a license fee upon peddlers, classifying such peddlers and charging different fees, is a valid exercise of the municipal power.

(Argued October 31, 1887. Decided November 11, 1887.)

October Term, 1887, No. 144, W. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Error to the Common Pleas No. 1 of Allegheny County to review a judgment for plaintiff in an action on a case stated for the opinion of the court. Affirmed.

The following are the facts as agreed upon by the parties:

I. That an act of assembly approved June 10, 1881, was passed to prohibit the peddling, selling, and hawking of produce or merchandise in cities of the second and third class of this commonwealth without a license.

II. That the provisions of said act were accepted by the city of Pittsburgh, through the councils thereof, and an ordinance passed, approved December 4, 1886, and recorded in ordinance book, vol. 6, p. 47, entitled "An Ordinance Imposing a License Fee upon Peddlers in Accordance with Provisions of an Act of Assembly Approved the 10th day of June, 1881, Entitled 'An Act to Prohibit the Peddling, Selling, or Hawking of Produce or Merchandise in Cities of the Second and Third Class within the Commonwealth without a License.'"

III. That the rates payable for license under the said ordinance are fixed and established as follows,—to wit, For each first-class license, foot peddler, $10 per annum; for each second-class license, one horse, cart, or wagon, or other vehicle, $35 per annum; for each third-class license, two horse cart, or wagon, or other vehicle, $50 per annum.

IV. That Patrick Kneeland is a peddler, and vends and

R. A. 705; Com. v. Gardner, 7 L. R. A. 666; Wrought Iron Range Co. v. Johnson, 8 L. R. A. 273. As to discrimination by municipality between residents of city and other residents of state, see the presentation of authorities in editorial note to Sayre v. Phillips, 16 L. R. A. 49. As to limit of amount of license fees, see editorial note to State *ex rel* Toi v. French, 30 L. R. A. 415, presenting the authorities on that subject.

hawks produce and merchandise through the city of Pittsburgh, with a one-horse wagon, and has not paid for or secured a license under said act of assembly or ordinance for the privilege of so doing. Nor has he been assessed nor paid any business tax upon the goods and merchandise by him exposed to sale.

Now, if the court should be of opinion that the said Patrick Kneeland, the defendant herein, is properly and legally liable to pay the license fee known and styled "the second-class license fee," then judgment to be entered in this action for the sum of $50, the penalty for the violation of said ordinance, with costs of suit; if, however, the court should be of opinion that the said defendant is not so liable, then judgment to be entered in favor of the defendant; each party reserving the right to appeal on writ of error.

The court entered judgment for the plaintiff, filing the following opinion:

"I am of opinion that the act of June 10, 1881, is constitutional, and that the city ordinance under which the license fee in question was imposed is valid; and therefore it is now ordered that judgment be now entered in this action, on the case stated, in favor of plaintiff for the sum of $50 and costs of suit."

Defendant took this writ, assigning for error this action of the court.

*Montooth Bros.*, for plaintiff in error.—Is the burden imposed by the act of June 10, 1881, and the ordinance of December 4, 1886, a license or a tax?

A municipal corporation, as such, has no inherent power to grant licenses, or exact license fees. Cooley, Taxn. 403.

Such a corporation has the power, however, to make police laws, *i. e.*, ordinances relating to the comfort, health and general welfare of the inhabitants. Dill. Mun. Corp. § 141.

An inspection of the act of June 10, 1881, shows that its object is that of raising revenue rather than that of regulation.

If then the object of this act is to raise revenue it is in conflict with article 9, § 1, of the Constitution, which provides that all taxation shall be uniform upon the same class of subjects.

The ordinance of December 4, 1886, classifies the persons engaged in the business of hawking, peddling, etc., and imposes a different rate upon each subdivision. This is not warranted by

the Constitution which declares that the tax shall be uniform upon a class of subjects, which precludes the idea that the class can be subdivided.

Classification on taxation is looked upon with disfavor by the court. Philadelphia Asso. for Relief of Disabled Firemen v. Wood, 39 Pa. 81; Banger's Appeal, 109 Pa. 79.

At the time of the passage of the act of June 10, 1881, there was a complete system of taxation by which all classes of citizens in the city of Pittsburgh were assessed an equal and uniform *per capita* tax, in lieu of a tax on trades, etc. This act then selects a small number of citizens and imposes upon them an additional burden or tax, which is either upon their business or their occupations; if the former, it is a double taxation; and if the latter, then it is a taxation upon the occupations of a limited number and it is contrary to the constitutional prohibition. Durach's Appeal, 62 Pa. 494.

*W. C. Moreland,* for defendant in error.—The legal propositions arising from the act of assembly, its acceptance and the ordinances are: (1) That the amount imposed for the privilege of peddling is in the nature of a license, not a tax; and (2) if a tax, the same is not in conflict with the Constitution of this state.

The police power is as clearly an act of sovereignty as taxation and just as distinct from it. Const. art. 16, § 3; Dill. Mun. Corp. § 363.

The fact that the public treasury may be incidentally benefited by the imposition of license fees does not make such a law taxation. State, Benson, Prosecutor, v. Hoboken, 33 N. J. L. 280; Cutliff v. Albany, 60 Ga. 597; Ash v. People, 11 Mich. 347, 83 Am. Dec. 740; Leavenworth v. Booth, 15 Kan. 634; Anderson v. Kerns Draining Co. 14 Ind. 200, 77 Am. Dec. 63; Bright v. McCullough, 27 Ind. 223; Bennett v. Birmingham, 31 Pa. 17; Frankford & P. Pass. R. Co. v. Philadelphia, 58 Pa. 119, 98 Am. Dec. 242; Johnson v. Philadelphia, 60 Pa. 445; O'Maley v. Freeport, 96 Pa. 24, 42 Am. Rep. 527; Dill. Mun. Corp. 424; Fisher v. Harrisburg, 2 Grant Cas. 291.

The legislature, unless specially restrained by the Constitution, may provide for the taxing of any occupation or trade, or may confer this power upon municipal corporation. Dill. Mun. Corp. 739.

This act is not in conflict with the article of the Constitution

requiring uniform taxation. The power to subdivide a class has. been expressly recognized in regard to cities. Wheeler v. Phila-delphia, 77 Pa. 338; Kilgore v. Magee, 85 Pa. 401. See also. Lehigh Iron Co. v. Lower Macungie Twp. 81 Pa. 482; Com. v. Martin, 107 Pa. 185.

Article 9 of the Constitution did not repeal any existing laws.. Coatesville Gas Co. v. Chester County, 97 Pa. 476; Indiana County v. Agricultural Soc. 85 Pa. 357.

PER CURIAM:

We can say nothing concerning this case but what was said by the court below; that is, that the act of June 10, 1881, is constitutional, and that, as a consequence, the ordinance under which the license fee in question was imposed is valid.

Judgment affirmed.